UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| JULIE JOLIE, JENNIFER NGUYEN, AND AMBIA COOPER, individually,<br><br>   Plaintiffs,<br><br>   v.<br><br>NICK'S MANAGEMENT, INC.,<br>NICK'S CLUBS, INC.,<br>f/k/a ADVENTURE PLUS ENTERPRISES, INC.,<br>d/b/a PT'S MEN'S CLUB, and NICK MEHMETI,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 3:23-cv-481 |

**COMPLAINT**

1.  Plaintiffs Julie Jolie, Jennifer Nguyen, and Ambia Cooper ("Plaintiffs") bring this action arising from their work for Nick's Clubs, Inc., f/k/a Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club ("PT's"), which is, upon information and belief, owned by Defendant Nick Mehmeti and managed by Defendant Nick's Management, Inc. Plaintiffs bring this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiffs allege that Defendants have misclassified their exotic dancers as independent contractors rather than employees, have failed to pay them minimum wage and overtime compensation for hours worked in excess of 40 per week, and have required dancers to pay fees and tip-outs, which prohibit dancers from retaining all of their tips in violation of the FLSA.

**DEFENDANT'S BREACH OF THE ARBITRATION AGREEMENT**

2.  Plaintiffs Jolie and Nguyen attempted to bring their claims in arbitration pursuant to a mandatory arbitration agreement that they were required to sign and which Defendants have invoked in prior proceedings. They filed their claims at the American Arbitration Association on December 13, 2022.

1

3. Defendants failed to pay the required filing fee and the American Arbitration Association informed Plaintiffs Jolie and Nguyen that it "will not administer any employment-related claims involving this employer until such time as the employer notifies us of its intent to abide by" AAA's rules and protocols.

4. By this Action, Plaintiffs seek an immediate order compelling Defendants to arbitrate these disputes pursuant to their own mandatory arbitration agreement and to fully comply with the American Arbitration Association's rules and protocols so that these actions may move forward in arbitration.[1]

## PARTIES

5. Plaintiff Julie Jolie is a resident of Dallas, Texas. Plaintiff has worked as an exotic dancer at Nick's Clubs, Inc., f/k/a Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club ("PT's") between approximately 2015 and 2021.

6. Plaintiff Jennifer Nguyen is a resident of Garland, Texas. Plaintiff has worked as an exotic dancer at Nick's Clubs, Inc., f/k/a Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club ("PT's") between approximately 2019 and 2021.

7. Plaintiff Ambia Cooper is a resident of Princeton, Texas. Plaintiff has worked as an exotic dancer at Nick's Clubs, Inc., f/k/a Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club ("PT's") in 2022.

8. Defendant Nick's Clubs, Inc., f/k/a Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club ("PT's") is an establishment where live topless, semi-nude or nude dance entertainment is presented to adult members of the general public. PT's is located at 10601 Plano Rd., Dallas, TX 75238. Upon information and belief, PT's is owned and managed by Defendant Nick's Management, Inc., located in Dallas, Texas.

---

[1] Plaintiffs have only asserted their substantive claims under the Federal Fair Labor Standards Act in order to ensure that the statute of limitations is tolled on these claims. Plaintiffs intend to seek a stay of this matter so that arbitration may move forward, and once these matters are fully litigated in arbitration, the parties would obtain confirmation of the award in this Court and the matter would be closed and dismissed.

9. Defendant Nick Mehmeti is an owner-operator of Defendant Adventure Plus Enterprises, Inc. d/b/a PT's Men's Club. He directs the operations of PT's business, and is directly involved in PT's payroll and employee classification decisions.

## JURISDICTION AND VENUE

10. The court has subject matter jurisdiction under 29 U.S.C. § 201 et seq. (Fair Labor Standards Act) and 28 USC § 1331 (federal question).

11. Venue is proper in the Northern District of Texas because the Defendants are located in Dallas County, in this judicial district, and because the events giving rise to the Complaint took place in Dallas, Texas, in this judicial district.

12. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

13. Defendants' annual gross volume of sales made or business done exceeds $500,000.

## FACTUAL ALLEGATIONS

14. Plaintiffs and other exotic dancers who worked at PT's performed dances on stage, private dances, and VIP room dances for Defendants' customers.

15. There were several dozen exotic dancers working at PT's on any given night. Plaintiff and other exotic dancers working at PT's were required to work at least four eight-hour shifts per week, including an early weekday shift. As a result, Plaintiff and other exotic dancers often worked 40 or more hours a week.

16. Plaintiffs and other exotic dancers were compensated solely through tips collected directly from customers. Defendants did not pay Plaintiff and other exotic dancers any wages.

17. The dancers were also required to pay a number of fees, including fees for failure to meet the four-shift weekly minimum, fees for missing a shift, being late, or missing a stage dance. Dancers were also required to pay a house fee for every shift that they worked. These fees added up to hundreds of dollars per week.

18. Plaintiffs and other exotic dancers were required to pay PT's a 10% fee when the customer paid for dances in PT's "funny money" (purchased from the club with a credit card).

19. Plaintiffs and other exotic dancers were also required to pay a $24 "tip out" to non-service, non-tipped employees each shift.

20. Defendants instructed the dancers on how to conduct themselves when entertaining customers. The dancers were required to wear their hair down and forbidden from having piercings, and were required to wear certain costumes and accessories.

21. Plaintiffs and other exotic dancers were subject to discipline, including termination, suspension, and fines if they failed to follow the rules and regulations set forth by PT's, its owners, operators and managers.

22. The work performed by Plaintiffs and other exotic dancers – namely, adult, exotic entertainment – was central to PT's business as a nightclub providing adult live dancing entertainment.

## CLAIM FOR RELIEF

### Count I:  Minimum Wage, Overtime and Unlawfully Withheld Tips under the FLSA

23. Plaintiff incorporates by reference the previous paragraphs of the Complaint.

24. Pursuant to 29 USC § 206, an employer must pay employees at least the minimum wage for all hours worked, and 29 USC § 207 provides that overtime wages must be paid by the employer when the employee works more than 40 hours per week.

25. 29 U.S.C. § 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

26. The Defendants failed to pay Plaintiffs the minimum wage as required by 29

U.S.C. § 206.

27. The Defendants also failed to pay Plaintiffs overtime wages for work in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

28. Defendant unlawfully "kept tips received by its employees" in violation of Section 203(m). The unlawfully withheld tips are independently recoverable and recoverable under Section 206 because they brought Plaintiffs' wages below that statutory minimum.

29. Defendants' misclassification of dancers as independent contractors when they were really employees was knowing, willful, and intentional.

## Count II: Breach of Contract

30. Plaintiff incorporates by reference the previous paragraphs of the Complaint.

31. Plaintiffs executed agreements with Defendants containing a mandatory arbitration agreement. The language of the arbitration agreement is contained in Exhibit 1 hereto.

32. Plaintiffs do not possess the fully executed versions of the Agreement. Those copies are exclusively in the possession of Defendants.

33. However, based on discovery in related matters, it is clear that Plaintiffs and all others signed an identical agreement requiring that any disputes between the parties will be "settled by an impartial independent arbitrator appointed by the American Arbitration Association."

34. The agreement provides that "for any claims of the [plaintiff] based upon any federal, state or local statutory protections, the club shall pay all fees charged by the arbitrator."

35. Defendant breached the Plaintiffs' contracts by failing to proceed with arbitration before the American Arbitration Association, refusing to comply with the rules and protocols of the AAA, and refusing to pay all fees required in order for the Arbitration proceeding to move forward.

**WHEREFORE**, Plaintiff seeks:

    a.      An Order compelling Defendants to arbitrate Plaintiffs' disputes set forth herein pursuant to the mandatory arbitration agreement included in their contracts;

    b.      An Order requiring Defendants to comply with all rules and protocols of the American Arbitration Association so that the proceedings may be administered; and

    c.      An Order staying this matter while the arbitration proceedings are conducted.

In the alternative if this case is not compelled to arbitration, Plaintiffs seek:

    d.      An award of monetary damages to Plaintiffs in the form of back pay for unpaid minimum wages and overtime compensation, reimbursement of all unlawful withholdings from Plaintiffs' wages, together with liquidated damages;

    e.      Attorneys' fees and costs; and

    f.      Such further relief as the Court deems just and proper.

Dated:	March 1, 2023	Respectfully submitted,

    */s/ Drew Herrmann*

Drew N. Herrmann
HERRMANN LAW, PLLC
801 Cherry St., Suite 2365
Fort Worth, TX 76102
(817) 479-9229
Email: drew@herrmannlaw.com


*Attorneys for Plaintiffs*