UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIE JOLIE, JENNIFER NGUYEN, and AMBIA COOPER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-CV-0481-B |
| MAINSTAGE MANAGEMENT, INC., NICK'S CLUBS, INC. f/k/a ADVENTURE PLUS ENTERPRISES, INC. d/b/a PT'S MEN'S CLUB, and NICK MEHMETI, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Compel Production of Agreements Signed by Plaintiffs (Doc. 35). "Plaintiffs . . . seek an Order requiring Defendants to produce any arbitration agreements of the named Plaintiffs under Federal Rules 26 and 37." Doc. 35, Mot. Compel, 2–3. Defendants respond that these Rules do not require them to produce the requested documents. *See* Doc. 37, Resp., ¶ 3. Defendants are correct.

Under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), a party must provide the other parties "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." As courts in this district have recognized, Rule 26 gives parties a choice: the disclosing party may either "produc[e] a 'copy' of the identified documents or provid[e] a 'description by category and location' of those documents." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 589 (N.D. Tex. 2018) (Horan, Mag.

J.) (citing Fed. R. Civ. P. 26(a)(1)(A)(ii)); *accord Olmos v. David B. Giles P.C.*, 2022 WL 2104506, at *2 (N.D. Tex. June 9, 2022) (Fitzwater, S.J.). In other words, "Rule 26(a)(1)(A)(ii) does not require production of documents but merely allows for production in lieu of a description." *Olmos*, 2022 WL 2104506, at *2 (internal quotation omitted).

Rule 37(a)(3)(A) does not require production either. It provides, "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). So while the Court can compel disclosure under Rule 37, the disclosing party may still choose to describe documents instead of producing them. *See id.* In such circumstances, the other parties may obtain the desired documents by proceeding under Rule 34 or through informal requests. *See Lopez*, 327 F.R.D. at 590.

In sum, Rule 26(a)(1)(A)(ii) does not require document production. It only requires disclosure. And if a party fails to properly disclose, the remedies under Rule 37(a)(3)(A) are an order compelling *disclosure* and sanctions. So even if Defendants' description of the location of documents does not satisfy Rule 26, Plaintiffs cannot compel Defendants to produce their arbitration agreements under Rule 37(a)(3)(A). A motion to compel disclosure may be brought under Rule 37(a)(3)(A); a motion to compel production must be brought under Rule 34. Plaintiffs' Motion to Compel Production under Rules 26 and 37 is therefore **DENIED**. *See Olmos*, 2022 WL 2104506, at *2.

**SO ORDERED**.

**SIGNED: August 25, 2023**.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE