IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIE JOLIE, JENNIFER NGUYEN, and AMBIA COOPER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:23-cv-00481-B-BT |
| NICK'S MANAGEMENT, INC., NICK'S CLUBS, INC., f/k/a ADVENTURE PLUS ENTERPRISES, INC., d/b/a PT'S MEN'S CLUB, and NICK MEHMETI, | § § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this civil action seeking unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., Plaintiff Julie Jolie, after settling her wage claims, seeks attorney's fees and costs. *See* Pl.'s Mot. for Award of Attorney's Fees, ECF No. 88. For the reasons stated below, the undersigned recommends that the District Judge **GRANT** Plaintiff's Motion for an Award of Attorney's Fees to the extent it should award Jolie attorney's fees in the amount of $82,634.50 and nontaxable expenses the amount of $7,011.49.

**Background**

On March 2, 2023, Plaintiff Jolie and two other individuals filed this civil action alleging Defendants—their former employer—knowingly and intentionally

misclassified them as independent contractors, rather than as employees, and failed to pay them overtime and minimum wages in violation of the FLSA. Compl., ECF No. 1.[1] In their original Complaint, Plaintiffs alleged they filed this lawsuit for the exclusive purpose of obtaining an order compelling Defendants to arbitrate their claims pursuant to mandatory arbitration agreements that all exotic dancers who worked for Defendants allegedly signed as a condition of employment. *Id.* ¶¶ 2-4, 30-35.

Thereafter, the Court denied without prejudice Plaintiffs' motion to compel arbitration, stating that "Plaintiffs have not carried the burden of establishing the existence of arbitration agreements." Order 2, ECF No. 30.[2] And later, the Court denied Plaintiffs' motion to compel production of any agreements signed by Plaintiffs. *See* Mem. Op. 2, ECF No. 39 (concluding that "Rule 26(a)(1)(A)(ii) does not require document production. It only requires disclosure [. . . and] even if

---

[1] The record reflects that Jolie's counsel sent a letter to Defendants' counsel in November 2022 proposing that the parties engage in pre-litigation settlement discussions to resolve wage claims without incurring the time and expenses of filing an arbitration demand or lawsuit. *See* App. in Support of Pl.'s Mot. for Attorney's Fees (Pl.'s App.), Ex. 1, ECF No. 89 at 5-8. When Defendants rejected this proposal, Jolie filed an arbitration demand at the American Arbitration Association (AAA). *Id.*, Ex. 2, ECF No. 89 at 10-12. In January 2023, the AAA informed counsel that it would not administer any employment-related dispute involving Defendants because they had not abided by AAA's protocols and rules. *Id.*, Ex. 4, ECF No. 89 at 26-27. The AAA also notified Jolie's counsel that arbitration would not move forward absent a court order. *Id.*, Ex. 5, ECF No. 89 at 29-30. Subsequently, Jolie and two other individuals filed this civil action seeking an order compelling arbitration.

[2] Citations to the record refer to the CM/ECF page number at the top of each page rather than page numbers at the bottom of each filing.

Defendants' description of the location of documents does not satisfy Rule 26, Plaintiffs cannot compel Defendants to produce their arbitration agreements under Rule 37(a)(3)(A).").

Following these decisions, two of the original Plaintiffs settled their claims, leaving Jolie as the sole remaining Plaintiff.[3]

Ultimately, after numerous rounds of briefing, in December 2023, Defendants provided Jolie's signed agreement containing the arbitration clause. *See* ECF No. 53 at 3.

More than one year after Plaintiffs initiated this action, and after an initial mediation in August 2023 and extensive motion practice regarding production of Jolie's employment agreement as well as time and attendance records that were in Defendants' possession (and not fully produced until March 2024), the parties attended a second mediation in March 2024. *See* ADR Resolution Summary, ECF No. 85. With the assistance of former United States Magistrate Judge Paul D. Stickney, the parties successfully mediated Jolie's wage claims and notified the Court they had agreed to settle Jolie's wage claims with an award of attorney's fees and costs to be decided by the Court pursuant to Rule 54(d). *See* Notice, ECF No. 86. On April 9, 2024, the Court ordered the parties to file (1) dismissal documents pursuant to Rule 41 related to all claims asserted in this action (except for Jolie's claim to recover attorney's fees), and (2) a Rule 54(d) motion for the Court to

---

[3] *See* Stipulation of Dismissal with Prejudice of Jennifer Nguyen (ECF No. 48); Stipulation of Dismissal with Prejudice of Ambia Cooper (ECF No. 49).

determine the amount to award Plaintiff for her attorney's fees and costs. Order, ECF No. 87. After an extension of time, on May 8, 2024, the parties filed a stipulation of dismissal with prejudice of all Jolie's claims other than her request for attorney's fees and costs. *See* Jt. Stip. of Dismissal, ECF No. 92. In the Joint Stipulation, the parties "represent[ed] that they have agreed that Plaintiff Jolie is a prevailing party for purposes of a fee award" pursuant to the FLSA. *Id.* at 1.

In accordance with Federal Rule of Civil Procedure 54(d)(2) and the Court's directive, Jolie moves for an award of $101,608.50 (after adjustments detailed below) in attorney's fees and $7,011.49 in costs as the prevailing party in this FLSA action. *See* Pl.'s Mot. 25, ECF No. 88. In her reply brief, Jolie seeks additional attorney's fees of $3,360.00 for time her counsel spent on this matter after she filed her motion for attorney's fees. *See* Pl.'s Reply 11, ECF No. 96. Jolie supports her fee application with the declarations and time sheets of her counsel setting forth their contemporaneous time entries.

Defendants challenge Jolie's requested fee award on a variety of grounds. Among other things, they assert that no attorney's fees or costs should be awarded; any fee award should be reduced during the time period when counsel represented multiple individuals; no attorney's fees should be awarded for motions that were denied; the hourly rates requested and hours billed are not reasonable; counsel failed to exercise billing judgment and engaged in block billing; and the lodestar should be reduced significantly because of Jolie's limited success. *See* Defs.' Resp.

Br. 11-15, ECF No. 95. Defendants also object to certain of Jolie's expenses. *Id.* at 15-17.

**Legal Standard**

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016) (holding that reasonable attorney's fees are mandatory if an employer violates the FLSA). Federal courts in Texas have adopted the lodestar method for calculating reasonable attorney's fees. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("This Court uses the 'lodestar' method to calculate attorney's fees.") (citation omitted).

"Under the first step, a court must calculate the 'lodestar,' which is equal to the number of hours reasonably expended multiplied by an appropriate hourly rate (excluding hours that are excessive, duplicative, or inadequately documented)." *CEATS, Inc. v. TicketNetwork, Inc.*, 71 F.4th 314, 326 (5th Cir. 2023) (citations omitted). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415-16 (5th Cir. 2022) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). That includes establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Further, movants seeking attorney's fees are "charged with the burden

of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which "requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (citing *Walker v. City of Mesquite, TX*, 313 F.3d 246, 251 (5th Cir. 2002)).

The Court uses this time as the benchmark, but should exclude any time that is excessive, duplicative, unnecessary, or not adequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended. *See id.* There is a strong presumption that the lodestar amount is reasonable. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

"Under the second step, a court must consider whether the lodestar amount should be adjusted up or down according to the 12 factors that appear in *Johnson v. Georgia Highway Exp., Inc.*" *CEATS*, 71 F.4th at 327 (citation omitted); *see also La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to properly perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the desirability of the case; (11) the duration and nature of the professional

relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19.

Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. "[T]he party seeking modification of the lodestar under the *Johnson* factors bears the burden." *Fessler*, 23 F.4th at 416 (citation omitted). Furthermore, the lodestar amount may not be adjusted due to a *Johnson* factor that was already considered during the initial calculation. *See Saizan*, 448 F.3d at 800.

### Analysis

### I.    Jolie is the Prevailing Party and is Entitled to Attorney's Fees.

As a threshold matter, the undersigned finds that Jolie is the prevailing party for purposes of the fee-shifting statute, and thus entitled to her reasonable attorney's fees. "Under the FLSA, an employer who violates the statute is [ ] required to pay attorney[s'] fees." *Black*, 732 F.3d at 502 (citing 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.")); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 n.10 (5th Cir. 2003) ("The FLSA requires an employer who violates the statute to pay attorney's fees. *See* 29 U.S.C. § 216(b)."). "A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433 (internal quotes omitted).

Defendants contend a "comparison of the demand with the limited recovery shows Plaintiff is not the 'prevailing party.'" Defs.' Resp. Br. 6 (cleaned up). They maintain that "[i]n the case at bar, Plaintiffs initially sought at least $190,960.00. In as much as the recovery was less [sic] $27,000.00, Plaintiff recovered only about 18% of what was sought." *Id.* Defendants also argue that "[n]o attorney's fees or costs should be awarded in this cause," but if the Court determines it is obligated, it should award "a contingency fee of $8,991.00, which is 33% of the settlement and is normal and customary since no summary judgment was filed in this case." *Id.* at 17; *see also* Decl. of Latrice E. Andrews ¶ 6, ECF No. 95-1 at 3 ("I believe that a 33% contingent fee in the amount of $8,991.00 is appropriate and reasonable.").

Defendants previously stipulated that Jolie is a prevailing party for purposes of the FLSA. *See* Jt. Stip. of Dismissal 1. Further, Jolie succeeded in procuring a favorable settlement. Thus, Jolie has certainly "achiev[ed] some of the benefit [she] sought in bringing suit." *Hensley*, 461 U.S. at 433. In addition, evidence before the Court shows that in her Initial Disclosure, Jolie estimated single damages in this case to be $70,000.00, and after Defendants produced her time and attendance records late in this litigation (and only after extensive motion practice), she served supplemental discovery responses estimating approximately $36,000.00 in single damages. *See* Supp. Decl. of M. Thomson in Support of Mot. for Attorney's Fees (Thomson Supp. Decl.) ¶¶ 6-7, ECF No. 96-1 at 2. Jolie ultimately accepted a settlement of $27,000.00, approximately 75% of her unpaid wages that were owed

if she had prevailed on the liability phase of the case and recovered all types of damages that she sought (all of which were contested issues). *See id.* ¶ 8.

On this record, the undersigned finds Jolie is a prevailing party for purposes of fee recovery under the FLSA and rejects Defendants' request that the Court award her no fees or fees on a contingency fee basis.[4]

## II.    Jolie's Recoverable Attorney's Fees: the "Lodestar"

### A. Hourly Rates

The fee applicant has the burden of showing that its attorneys' hourly rates are reasonable. *La. Power & Light Co.*, 50 F.3d at 324. "Typically, the Court receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individuals' litigation skills generally." *Mauricio v. Phillip Galyen, P.C.*, 174 F. Supp. 3d 944, 948 (N.D. Tex. 2016) (citation omitted). "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation omitted). A court, however, also may use its own expertise and judgment to independently assess the reasonableness of an attorney's hourly rates. *See Primrose Operating*

---

[4] Defendants contend, without additional explanation, that "the final number arrived at, if any, should be reduced by a third, as Plaintiff only recovered against two of the three Defendants." Defs.' Resp. Br. 6. Defendants have already stipulated that Jolie is a prevailing party, *see* Jt. Stip. of Dismissal 1, and, absent more, or citation to specific billing entries, the Court finds no merit to Defendants' request for a one-third reduction, especially given the somewhat unclear corporate structure and roles of Nick's Management, Inc. and Nick's Club, Inc. with respect to PT's Men's Club.

*Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (Fitzwater, J.).

Jolie requests attorney's fees based on the adjusted lodestar fee of $101,608.50, and an additional $3,360.00 for time her counsel spent on this matter since she filed her motion for attorney's fees, for a total adjusted lodestar fee of $104,968.50. Pl.'s Mot. 23; Pl.'s Reply 11. Jolie seeks recovery for the time incurred by Matthew Thomson at the rate of $525 per hour, Drew Herrmann at the rate of $475 per hour, and Pamela Herrmann at the rate of $425 per hour, and for legal support staff at Herrmann Law at the rate of $175 per hour. Pl.'s Mot. 18-19.

In support, Jolie submits the declaration of Mr. Thomson, a partner at the law firm of Lichten & Liss-Riordan, P.C. (LLR), who has been practicing law since 2011, and who addresses his background and qualifications in his declaration but fails to articulate his exact hourly fee. *See* App. in Support of Pl.'s Mot. for Attorney's Fees (Pl.'s App.), Ex. 9 (Thomson Decl.), ECF No. 89 at 60-79. Jolie also submits the declaration of Drew Herrmann, a principal at Herrmann Law, PLLC, who graduated from law school in 2014, and who addresses his background and qualifications, as well as the skills and competency of Pamela Herrmann and legal support staff who work at Herrmann Law. *Id.*, Ex. 10 (Herrmann Decl.), ECF No. 89 at 81-92. Mr. Herrmann avers that his requested hourly rate ($475), as well as the requested hourly rates for Ms. Herrmann ($425) and legal support staff ($175), "are reasonable and comparable to the hourly rates a paying client would pay for

representation in the Northern District of Texas." *Id.*, Ex. 10 (Herrmann Decl. ¶ 15), ECF No. 89 at 88 (citations omitted).

Defendants challenge Mr. Thomson's requested rate of $525 per hour as inflated for the Northern District of Texas and cite to the State Bar of Texas 2015 and 2019 fact sheets on attorney income and hourly rates as evidence of appropriate hourly rates. *See* Defs.' Resp. Br. 11. Defendants do not challenge the reasonableness of the hourly rates charged Mr. Herrmann or Ms. Herrmann. They ask the Court to apply the hourly rate charged by Mr. Herrmann or Ms. Herrmann to Mr. Thomson, "especially as he adduced no evidence as to the reasonableness of his fees in his declaration or even specifically articulated the exact hourly fee sought in the Declaration." *Id.* at 12. Defendants also object based on relevance to portions of Mr. Thomson's declaration referring to rates charged by attorneys in other jurisdictions and references to collective and class actions to support his requested hourly rate. *Id.* at 4.

First, the undersigned **SUSTAINS** Defendants' objections to Mr. Thomson's declaration insofar as he relies on cases outside the Dallas area and references collective and class actions to establish the reasonableness of his hourly rate. *See Tollett*, 285 F.3d at 368 (The "relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits.") (cleaned up).

Nevertheless, based on the evidence and approvals of similar rates in the Northern District of Texas, as well as the Court's expertise in the area of attorney's

fees in similar matters in this District, *see Vanliner Ins. Co.*, 2014 WL 1632181, at
*2 (noting that the Court is an expert on the reasonableness of attorney's fees), the
undersigned finds that the requested hourly rates are reasonable and within the
market rate for attorneys with similar experience as Mr. Thomson handling this
type of litigation in the Dallas area.

    For example, in 2022, United States District Judge Brantley Starr issued a
judgment confirming an arbitration award in a similar FLSA case involving the
same counsel and same Defendants as in this matter, finding the following hourly
rates reasonable: Mr. Thomson at the rate of $525 per hour, Mr. Herrmann at the
rate of $475 per hour, Ms. Herrmann at the rate of $425 per hour, and legal
support staff at Herrmann Law at the rate of $175 per hour. *See Predmore v.
Mehmeti, et al.*, No. 23-cv-253-X (N.D. Tex. Apr. 9, 2024) (ECF No. 42); *see also*
Pl.'s App., Ex. 8 (*Predmore* Final Award), ECF No. 89 at 5-8 (approving same
hourly rates for same counsel); *Hardy v. SDM Hosp., LLC*, 2022 WL 272718, at *6
(N.D. Tex. Jan. 10, 2022) (Toliver, J.) (approving attorney hourly rate of $525 in
FLSA default judgment case), *accepted by* 2022 WL 271751 (N.D. Tex. Jan. 28,
2022) (Scholer, J.); *Kostic v. Texas A&M Univ.-Com.*, 2015 WL 9997211, at *3
(N.D. Tex. Dec. 28, 2015) (Horan, J.) (approving an hourly rate of $650.00 for an
experienced employment law attorney in a Title VII case), *accepted by* 2016 WL
407357 (N.D. Tex. Feb. 3, 2016) (Lynn, J.).

    Although Defendants do not oppose the hourly rates sought by counsel and
support staff at Herrmann Law, the Court independently finds that the requested

rate are reasonable. *See, e.g.*, *Predmore*, *supra; Lopez v. Fun Eats & Drinks, LLC,* 2023 WL 4109695, at *3 (N.D. Tex. June 20, 2023)* (Starr, J.) ("Drew Herrmann, charges $475 per hour for his legal services. The Court concludes that that's a reasonable hourly rate given Herrmann's experience."); *Lopez v. Fun Eats & Drinks, LLC*, 2023 WL 4551576, at *5 (N.D. Tex. June 28, 2023)* (Horan, J.) (awarding "fees based on attorney Drew N. Herrmann at $475.00 per hour; attorney Pamela G. Herrmann at $425.00 per hour; . . . . and Plaintiff's other legal support staff at $175.00 per hour."), *accepted by* 2023 WL 4553384 (N.D. Tex. July 14, 2023) (Starr, J.).

For these reasons, the undersigned finds that the hourly rates requested by Jolie's counsel and support staff are reasonable.

**B. Hours Reasonably Expended**

Here, along with the declarations of counsel, Jolie submits detailed time entries covering the period from November 30, 2022, through April 25, 2024. *See* Pl.'s App., Ex. 9, ECF No. 89 at 77-79; *id.*, Ex. 10, ECF No. 89 at 94-98; *see also* Thomson Supp. Decl., ECF No. 96-1 at 1-5. With respect to Mr. Thomson, the entries reflect he recorded a total of 175 hours at a rate of $525 per hour up through and including the filing of the motion for attorney's fees and, thereafter, 6.4 hours at a rate of $525 per hour. Pl.'s App., Ex. 9, ECF No. 89 at 77-79. The entries also reflect that he wrote off all fees for paralegals, law clerks and staff and reduced his own time by 19.5 hours, representing a reduction for half of his travel time to the in-person mediation and to remove all time spent on an unsuccessful motion to

amend the complaint. *Id.* Thus, after these reductions, Mr. Thomson records 155.5 hours at an hourly rate of $525 for time leading up to and including the filing of the motion for attorney's fees and 6.4 hours at an hourly rate of $525 for time after the motion was filed, for an adjusted lodestar fee request of $84,997.50 (161.9 x $525). *Id.*

With respect to counsel and legal support staff at Herrmann Law, the entries reflect that Mr. Herrmann recorded a total of 34.20 hours at an hourly rate of $475; Ms. Herrmann recorded a total of 12.20 hours at an hourly rate of $425; and that legal support staff recorded 4.10 hours at an hourly rate of $175. *Id.*, Ex. 10, ECF No. 89 at 90, 94-98. The entries also reflect that counsel at Herrmann Law agreed to write off ten percent (10%) of fees incurred. *Id.* After accounting for the time counsel at Herrmann Law agreed to write off, the total adjusted time results in an adjusted lodestar fee request of $19,971.00, which is comprised of Mr. Herrmann's adjusted time of 30.78 hours at $475 for a total of $14,620.50; Ms. Herrmann's adjusted time of 11.07 hours at $425 for a total of $4,704.75; and legal support staff's adjusted time of 3.69 hours at $175 for a total of $645.75.

Thus, the total adjusted lodestar fee requested in this matter is $104,968.50 ($84,997.50 + 19,971.00). Jolie asserts that counsels' time in this case was

> dedicated to drafting the Arbitration Demand, corresponding with AAA regarding the arbitration, drafting the judicial complaint, drafting the motion to compel arbitration and Reply in support thereof, preparing for and taking two depositions of Defendants' management employees, preparing for and defending Ms. Jolie's deposition, preparing for and attending the deposition of another witness (Brittany Mayes), responding to voluminous written

discovery requests on behalf of Ms. Jolie, supplementing discovery responses and initial disclosure on multiple occasions, serving written discovery requests, preparing for and attending two mediation sessions, and undertaking briefing on more than fifteen contested motions that were filed in this matter (including the instant motion for attorney's fees). There was also significant time spent on correspondence with Defendants' counsel, as well as other litigation tasks [detailed in the Billing Records].

Pl.'s Mot. 17.

Defendants raise numerous challenges to the amount sought, which the Court addresses in turn.

### 1. *Excessive and Duplicative Time*

Defendants argue that "[d]espite providing a footnote asserting that the time was not duplicative, the time records prove otherwise." Defs.' Resp. Br. 13. Specifically, they challenge "[t]he time spent for mediation in August 2023, [which] included the mediation of other clients that are no longer in the case and therefore should be excluded, as Plaintiff's claims were to be addressed at the November 9, 2023, mediation." *Id.* at 10. Further, they assert it was not reasonable "to have two attorneys at a mediation" and that Jolie fails to explain why one attorney was not sufficient. *Id.* Defendants maintain that, with respect to mediation attendance, "none of the time for Herrmann should be awarded." *Id.*

Upon review, as to the August 8, 2023 mediation, the Court will reduce fees related to counsels' attendance to one-third of the requested amount, as the mediation involved three Plaintiffs. And, with respect to the two mediations, billing entries reflect that both Mr. Thomson and Mr. Herrmann attended the

mediations. The Court agrees with Defendants that in this FLSA case, one attorney at each mediation was sufficient and Jolie has failed to adequately explain why two attorneys were needed. The Court, therefore, will exclude the lower billing attorney's hours when calculating the lodestar. *See, e.g.*, *Lewis v. Hurst Orthodontics, PA*, 292 F. Supp. 2d 908, 910 (W.D. Tex. 2003) (two attorneys' preparation for and attendance at mediation were "duplicative efforts that should have been avoided," excluding hours for the lower-billing attorney); *see also Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 6789456, at *15 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.), *aff'd*, 2007 WL 3085028 (5th Cir. Oct. 23, 2007) (disallowing as duplicative fees for two of four attorneys who represented plaintiff at trial where plaintiff failed to meet her burden of demonstrating why it was necessary for four attorneys to attend trial).

Entries reflect that Mr. Thomson and Mr. Herrmann each billed 10 hours for attending the August 8, 2023 mediation. Pl.'s App., Ex. 9, ECF No. 89 at 77; *id.*, Ex. 10, ECF No. 89 at 96. Entries also show that Mr. Herrmann billed 4.9 hours for attending the March 21, 2024 mediation. *Id.*, Ex. 10, ECF No. 89 at 98.

The Court disallows as excessive and duplicative all amounts sought by Mr. Herrmann for attending either mediation—10 hours for the August 8, 2023 mediation (10 x $475 = $4,750.00) and 4.9 hours for the March 21, 2024 mediation (4.9 x $475 = $2,327.50). In addition, the Court disallows Mr. Herrmann's time spent preparing for the two mediations as duplicative of Mr. Thomson's preparation as follows: 2.3 hours preparing for the August 8, 2023 mediation (2.3

x $475 = $1,092.50) and 4 hours preparing for the March 21, 2024 mediation (4 x 475 = $1,900.00).

And because counsel represented three Plaintiffs at the August 8, 2023 mediation, the Court disallows 6.6 hours of the 10 hours Mr. Thomson billed for his attendance at the August 8, 2023 mediation (6.6 x $525 = $3,465.00).

The result will be a total reduction in the lodestar of $13,535.00 to account for time spent with respect to Ms. Nguyen and Ms. Cooper at the March 8, 2023 mediation and the excessive and duplicative hours incurred as a result of two attorneys preparing for and attending both mediations.

Outside of mediation, Defendants fail to provide the Court with specific entries they challenge as duplicative or excessive. The Court, therefore, **OVERRULES** remaining objections that Jolie is seeking to recover fees based on duplicative time entries. *See, e.g.*, *HCC Aviation Ins. Grp., Inc. v. Emp'rs Reinsurance Corp.*, 2008 WL 850419, at *7 (N.D. Tex. Mar. 21, 2008) ("[W]ithout objections to specific entries, Respondent has not shown that the entries are unreasonable.").

### 2. *Time Billed for Work Performed Prior to November 30, 2023*

Defendants assert that any fees awarded for time billed prior to September 27, 2023, should be reduced to one-third of the amount sought because counsel were representing another potential plaintiff and advocating for Brittany Mayes within this cause. *See* Defs.' Resp. Br. 2. Defendants further contend that for the time between September 27, 2023, and November 30, 2023 (when Ms. Cooper and

Ms. Nguyen entered Stipulations of Dismissal), attorney's fees should be reduced to one-fourth, because counsel represented four different individuals at that time. *Id.*

Jolie may not recover fees for non-prevailing Plaintiffs. *See Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990) (citing *Hensley, 461 U.S. at 440*). The Court, however, has already reduced counsels' fees to account for time spent at the August 8, 2023 mediation on behalf of Ms. Cooper and Ms. Nguyen as well as Mr. Herrmann's time preparing for and attending the mediation. Further, Jolie asserts that she has removed from the billing records any time that pertained exclusively to Ms. Nguyen or Ms. Cooper, such as drafting the settlement agreements for those individuals, drafting Ms. Nguyen's arbitration demand, or communicating with them exclusively regarding their own claims or their own settlement negotiations. Jolie does not seek to recover any fees associated exclusively with work on their claims. *See* Pl.'s Reply 6. And, the Court's review of the billing records substantiates this assertion. With respect to Ms. Mayes, counsel have already deducted any time spent on the motion to amend complaint wherein they sought leave to add Ms. Mayes as a plaintiff.

The remaining entries used for Jolie's lodestar calculation during this time period either 1) relate exclusively to Jolie, or 2) were related to all three of the named Plaintiffs, such as the time spent drafting a single Initial Disclosure served on behalf of all three Plaintiffs or the time drafting Plaintiffs' motion to stay discovery that was filed on behalf of all Plaintiffs. The same services would have

nonetheless been incurred on behalf of the prevailing Plaintiff, Jolie, and Defendants have failed to show otherwise. On this basis, the Court finds that further reductions during these time periods are not warranted.

### 3. *Time Billed for Work Performed After November 9, 2023*

Defendants argue Jolie should not be entitled to any attorney's fees incurred after November 9, 2023, which was the original date scheduled for the second mediation. *See* Defs.' Resp. Br. 1-2. In support, Defendants contend that Jolie was not informed of the mediation and that her counsel unilaterally cancelled it. *See id.* at 2.

Jolie asserts that she "released the date for a second mediation session when she did not receive a response from Defendants regarding additional documents that counsel believed were necessary to resolve the case." Pl.'s Reply 10. Along with her reply brief, Jolie has provided evidence in the form of Mr. Thomson's Supplemental Declaration that, although Jolie may have expressed some confusion at her deposition in January 2024, all of the relevant information regarding mediation and the status of settlement offers was conveyed to her by her counsel via telephone conference on October 17, 2023. *See* Thomson Supp. Decl. ¶ 3 and Ex. A thereto, ECF No. 96-1 at 1-2, 5.

Defendants do not cite any caselaw supporting their contention that rescheduling mediation should result in cutting off entitlement to recover reasonable attorney's fees. If Defendants had wished to limit Jolie's right to recover attorney's fees, they could have made a Rule 68 offer of judgment. *See Gurule v.*

*Land Guardian, Inc.*, 912 F.3d 252, 261 (5th Cir. 2018) (holding that, "in setting a reasonable attorney's fee under 29 U.S.C. § 216(b), a court should consider the prevailing party's rejection of a Rule 68 offer that was more favorable than the judgment obtained"). For these reasons, the undersigned finds that Jolie is entitled to recover reasonable attorney's fees for work performed after November 9, 2023.

4. *Time Spent on Unsuccessful Motions*

Defendants object to attorney's fees related to motions that were unsuccessful. *See* Defs.' Resp. Br. 8-10. Jolie counters that she may recover for motions that were unsuccessful but necessary steps toward her favorable outcome on her claim and she has "already deducted all time" related to her motion to amend from her lodestar. *See* Pl.'s Reply 7 (citations omitted).

Time spent pursuing unsuccessful claims are non-compensable. *See Walker, 99 F.3d at 769* (party seeking fees cannot bill for time on issues on which they do not prevail and cannot have prevailed on issues they did not pursue). Here, however, Jolie prevailed on her FLSA claim. Where a plaintiff prevails in a lawsuit, "attorney's fees are properly awarded even from Plaintiff's unsuccessful motions practice." *In re Trevino, 633 B.R. 485, 516 (Bankr. S.D. Tex. 2021)* (citation omitted). "Excluding time spent on motions practice that is without merit, as opposed to merely unsuccessful, may be appropriate." *Id.* (citation omitted).

Defendants specifically object to 16.2 hours billed with respect to Plaintiffs' Motion to Compel Arbitration. *See* Defs.' Resp. Br. 9. The Court, however, declines to exclude the 16.2 hours that Defendants challenge. Although the motion was

unsuccessful, the Court's ruling does not indicate it was meritless overall. The Court finds that it was reasonable for Plaintiffs to file this motion given the notification from the AAA in January 2023 that it would not administer any employment-related dispute involving Defendants because they had not abided by AAA's protocols and rules. *See supra* note 1. The AAA also notified Jolie's counsel that arbitration would not move forward absent a court order. *Id.* Subsequently, Jolie, in addition to two other individuals, filed this civil action seeking an order compelling arbitration. Although the motion ultimately failed, this was due, in part, to Defendants' decision to not provide Plaintiffs with copies of their employment agreements containing the arbitration clauses at issue until much later in this litigation.

Similarly, the remaining motions Defendants challenge were part and parcel of the hotly disputed nature of discovery in this case and, while unsuccessful, were not meritless. Under these circumstances, the Court finds that, other than the motion to amend complaint for which Jolie is not seeking attorney's fees, further reductions related to unsuccessful motions are not warranted.

### 5. Clerical Work by Legal Support Staff at Herrmann Law

Defendants challenge time billed for clerical work at Herrmann Law in the amount of $645.75. *See* Defs.' Resp. Br. 7-8. Defendants contend that none of the entries under "LSS" attached to the Herrmann Declaration are recoverable, as they are merely clerical tasks of mailing, scanning, calendaring, saving documents. *Id.*

The Court has reviewed the challenged entries for clerical work. *See* Pl.'s App., Ex. 10, ECF No. 89 at 91-95. Purely clerical work is not compensable at attorney rates and is not even compensable at legal assistant rates. *See Vela v. City of Houston, 276 F.3d 659, 681 (5th Cir. 2001)* (holding that clerical work performed by paralegal was not recoverable as attorney's fees); *see also Ramirez v. Lewis Energy Grp., L.P., 197 F. Supp. 3d 952, 958 (S.D. Tex. 2016)* (same) (citations omitted). Thus, the $645.75 attributed to the anonymous legal support staff for clerical work should be excluded.

### 6. *Failure to Exercise Billing Judgment*

The party seeking fees is "charged with the burden of showing the reasonableness of the hours [it] bill[s] and, accordingly, [is] charged with proving that [it] exercised billing judgment." *Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 769 (5th Cir. 1996).* Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours," and the party "submitting fee requests [is] required to exercise billing judgment." *Id.* "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written off." *Alberti v. Klevenhagen, 896 F.2d 927, 930 (5th Cir. 1990), vacated on other grounds, 903 F.2d 352 (5th Cir. 1990).* "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan, 448 F.3d at 799.*

Defendants contend that Jolie's counsel failed to exercise billing judgment and urge the Court to cut the fees by "no less that twenty-five percent (25%) to account for the absence of billing judgment." Defs.' Resp. Br. 13-14. Defendants argue that there is also a "complete failure to establish the exercise of billing judgment regarding the apportionment of fees amongst all the parties [] represented." *Id.* at 13.

Mr. Herrmann avers in his Declaration that "[i]n lieu of making line-by-line write-offs and adjustments to specific time entries that may be deemed to be not billable, excessive, or duplicative, I elected to write-off ten percent (10%) of the fees incurred." Pl.'s App., Ex. 10 (Herrmann Decl. ¶ 10), ECF No. 89 at 91. He also states that "our firm's Legal Support Staff perform a number of 'billable' and 'non-billable' tasks on a daily basis and are often required to simultaneously juggle multiple tasks on multiple matters. Therefore, our firm's Legal Support Staff do not bill for all their time." *Id.*, Ex. 10 (Herrmann Decl. ¶ 12), ECF No. 89 at 92. The Court finds that Mr. Herrmann's decision to write off 10% of fees is consistent with amounts reduced by courts when applicants have failed to provide evidence of their billing judgment. *See, e.g.*, *Saizan*, 448 F.3d at 800 (affirming a 10% reduction by the trial court where plaintiff failed to provide evidence of billing judgment); *Union Pac. R.R. Co. v. Am. Ry. & Airway Supervisors' Ass'n*, 2021 WL 2444957, at *5 (W.D. Tex. June 15, 2021) ("Fifth Circuit precedent dictates that a 10% reduction of the base lodestar amount will appropriately remedy their failure to include evidence of the use of billing judgment."); *Fralick v. Plumbers & Pipefitters Nat.*

*Pension Fund*, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (Fitzwater, C.J.) ("Having found that Fralick has failed to produce sufficient evidence that Klancnik exercised billing judgment, the court reduces Klancnik's overall fee request by 10%."). In addition, Mr. Herrmann's decision to not include all time his legal staff spent working on this matter demonstrates the exercise of billing judgment. *Cf. Lopez*, 2023 WL 4551576, at *5 (finding statement in declaration that the total time submitted "d[id] not include all the time [] Legal Support Staff spent working on this matter" was proper and sufficiently "reflect[ed] an exercise of billing judgment.").

Because there is sufficient evidence of a write-off by counsel at Herrmann Law, the undersigned finds that no additional reduction in the requested attorney's fees for legal work performed by Herrmann Law is warranted.

With respect to Mr. Thomson, however, the Court agrees with Defendants that he fails to demonstrate he exercised billing judgment as the time written off relates largely to "travel and clerical matters [that] were not legally recoverable anyway." Defs.' Resp. Br. 14. The entries submitted reflect that Mr. Thomson wrote off all fees for legal support staff (mostly related to clerical matters) and reduced his own time by 19.5 hours, representing a reduction for half of his travel time to the in-person mediation and to remove all time spent on an unsuccessful motion to amend the complaint. *See* Pl.'s App., Ex. 9, ECF No. 89 at 77-79. As the fees he

has written off are generally not recoverable,[5] the Court will impose a 10% reduction for failure to demonstrate the exercise of billing judgment.

In addition, the Court notes a failure to demonstrate the exercise of billing judgment as to the 6.4 hours billed by Mr. Thomson for the time period after the motion for attorney's fees was filed. *See* Thomson Supp. Decl., ECF No. 96-1 at 1-5. Accordingly, the Court will also impose a 10% reduction for failure to demonstrate the exercise of billing judgment during this time period.

### 7. Block Billing

"Block billing" is a "time keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Fralick*, 2011 WL 487754, at *4 (cleaned up). Block billing is disfavored because it prevents the court from accurately determining the time spent on any particular task, thus impairing the court's evaluation of whether the hours were reasonably expended. *Id.* "For example, a person engaging in block billing would record the total amount of time spent on a case that day, and then group several tasks under that single entry, leaving the court unable to determine how much time was devoted to a given task." *Wherley*

---

[5] "In the Fifth Circuit, attorney travel time is typically compensated at 50% of the attorney's rate." *Admiral Ins. Co. v. Wieland*, 2016 WL 8224270, at *2 (W.D. Tex. Oct. 6, 2016); *accord Acosta v. Lifetime Living, Inc.*, 2020 WL 10758975, at *4 (S.D. Tex. Nov. 6, 2020). Thus, Mr. Thomson's reduction of 50% of his travel time is for time that would not have been compensable in any event.

*v. Schellsmidt*, 2014 WL 3513028, at *4 (N.D. Tex. July 16, 2014) (Fitzwater, J.) (citation omitted).

Defendants contend that Jolie's counsel used a "block billing system" and assert that "another reduction of no less than ten percent should be utilized to account for the block billing." Defs.' Resp. Br. 8. Defendants identify three dates with entries they contend constitute block billing by Herrmann Law: 4/18/2023; 3/20/2024; and 4/25/2024. *Id.* Jolie counters that "Plaintiff's counsel did not use block billing in this case." Pl.'s Reply 8.

The billing entry for 4/18/2023 shows that Mr. Herrmann billed .7 hours to "Revise and edit FRCP 26(f) report to address proposals and revisions from opposing counsel's draft; finalize redlined draft and send to opposing counsel for review." Pl.'s App., Ex. 10, ECF No. 89 at 94. While there are two entries, the Court has no trouble discerning that both relate to the single task of preparing the FRCP 26(f) report and finds no reduction is warranted for this billing entry.

There are three different billing entries on 03/20/2024. *Id.*, Ex. 10, ECF No. 89 at 98. Defendants fail to identify which entry they are challenging as block billing. This alone is reason to deny any further reduction. Nevertheless, the Court will consider the entries. The first entry on this date is for .10 hours spent "Downloading Def production from Dropbox and saving to LEAP." *Id.* The second and third entries relate to Mr. Herrmann's preparation for the first mediation, which the Court has already disallowed. *Id.*

26

The entry for 4/25/2024 shows that Mr. Herrmann billed .7 hours "Drafting, reviewing, and revising draft Declaration in support of Plaintiff's motion for attorneys' fees; review and finalize time records; review and compile exhibits in support of reasonable hourly rates." *Id.* This time entry simply elaborates on the various aspects of drafting this single pleading and does not satisfy the criteria for block billing.

For these reasons, the Court finds no support for a block billing reduction.[6]

### 8. Remaining Objections

A party challenging the amount of attorney's fees must explain why or how the requested fees are unreasonable. *See Wegner v. Standard Ins. Co.*, 129 F.3d 814, 823 (5th Cir. 1997); *see, e.g., HCC Aviation Ins. Grp., Inc.*, 2008 WL 850419, at *7 ("without objections to specific entries, Respondent has not shown that the entries are unreasonable."). "Without detailed information explaining why or how the total number of hours or the rates are unreasonable, an objection to a fee request does not constrain the court's discretion." *James v. City of Dallas*, 2005

---

[6] Other than these entries, Defendants fail to point to any other particular entries as instances of block-billing. If a party does not object to particular billing entries as inadequately documented, the Court is not obliged *sua sponte* to sift through fee records searching for vague entries or block-billing. *See generally La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir.1995) (holding that district court erred in failing to conduct full analysis of billing records "[a]s to the *specific items* of which [opposing party] complains") (emphasis added). "It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Wherley v. Schellsmidt*, 2014 WL 3513028, at *4 (N.D. Tex. July 16, 2014) (Fitzwater, J.).

WL 954999, at *2 (N.D. Tex. Apr. 25, 2005) (citing *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 501 (5th Cir. 2001); *Wegner*, 129 F.3d at 823).

Any objections not discussed herein failed to explain why or how any specific entries are unreasonable and are **OVERRULED**.

### C. Total Lodestar

The Court calculates the lodestar to be $82,634.50, which represents 203.75 hours of attorney time (after counsels' voluntary adjustments) at the reasonable rate billed by each attorney and 3.69 hours of legal support staff time at the reasonable hourly rate billed by support staff for a total of $104,968.50, *from which the Court has made the following deductions*:

• $7,077.50 for the 10 hours Mr. Herrmann billed for attending the August 8, 2023 mediation (10 x $475 = $4,750.00) and the 4.9 hours he billed for attending the March 21, 2024 mediation (4.9 x $475 = $2,327.50);

• $2,992.50 for the 2.3 hours Mr. Herrmann billed preparing for the August 8, 2023 mediation (2.3 x $475 = $1,092.50) and the 4 hours he billed preparing for the March 21, 2024 mediation (4 x 475 = $1,900.00);

• $3,465.00 representing the Court's disallowance of 6.6 hours of the 10 hours Mr. Thomson billed for his attendance at the August 8, 2023 mediation (representing three Plaintiffs) (6.6 x $525 = $3,465.00);

• $8,153.25 representing a ten percent 10% reduction in Mr. Thomson's adjusted lodestar because of his failure to demonstrate the exercise of billing judgment; and

• $645.75 attributed to the anonymous legal support staff at Herrmann Law for 3.69 hours of clerical work (3.69 x $175 = $645.75).

The Court realizes that this is approximately three times Jolie's $27,000 total recovery. But the Fifth Circuit has declined to adopt a rule of proportionality between damages and attorney's fees. *See Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 392 (5th Cir. 2000). Further, in FLSA cases, the fee award will often be substantially more than the FLSA award to the plaintiff. The FLSA's fee-shifting provision recognizes that it is important for individuals with relatively small claims to have the ability to effectively enforce their rights. For example, on remand from the Fifth Circuit, in the case of *Black v. SettlePou, P.C.*, 2014 WL 3534991 (N.D. Tex. July 17, 2014), the trial court awarded the Plaintiff $11,873.79 in actual damages, $11,873.79 in liquidated damages, and $313,552.31 in attorney's fees and $725.20 in costs. *Black*, 2014 WL 3534991, at *9.

Although there is a strong presumption that this lodestar figure is reasonable, the Court considers whether it should be adjusted upward or downward based on the *Johnson* factors.

### III.   Adjustment Based on the *Johnson* Factors

While the Court has considered the *Johnson* factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Here, the Court finds that none of the *Johnson* factors warrant decreasing or increasing the lodestar amount.

First, Defendants' arguments for adjusting the lodestar downward, *see* Defs.' Resp. Br. 14-15, rely on the same assertions that the Court already considered with respect to their efforts to the challenge the hours that Jolie seeks to include in the lodestar amount. *See generally Hoenninger v. Leasing Enterprises, Ltd.*, No. 22-50765, 2023 WL 5521058, at *4 (5th Cir. Aug. 25, 2023) ("The Supreme Court has long-recognized that while district courts may consider the *Johnson* factors . . . many of these factors usually are subsumed within the initial calculation. Our Court has emphasized time and again that some of the *Johnson* factors are subsumed in the initial lodestar calculation. In fact, our Court has stated that of the *Johnson* factors, . . . results obtained is presumably fully reflected in the lodestar amount. It thus makes sense that our Court has affirmed many awards where *Johnson* factors were subsumed in the initial lodestar calculation— including results obtained." (cleaned up)).

Further, the Court finds that no adjustment to the lodestar figure is necessary based on any of the *Johnson* factors. The circumstances and issues presented are adequately considered by the amount of time Jolie's counsel billed. Given the circumstances, litigating this matter required some skill and expertise on the part of Jolie's attorneys, and required more than the expected investment of time or labor, given the extensive motion practice and contested discovery disputes including those related to Jolie's efforts to obtain unredacted time sheets and attendance records from Defendants. Jolie's counsel billed on an hourly basis, and there is no evidence before the Court that Jolie imposed any time limitation

on the attorneys or that other circumstances made representing her undesirable. Jolie's counsel charged a customary fee, which resulted in an award that is reasonable for this type of representation.

## IV.    Nontaxable Expenses

Under the FLSA, the prevailing plaintiff is entitled to the recovery of "costs of the action." 29 U.S.C. § 216(b). "In addition to taxable costs listed under 28 U.S.C. § 1920, 'Texas District Courts have also determined that [nontaxable] costs are . . . appropriately awarded to prevailing parties in FLSA cases as part of a reasonable fee.'" *Cortes-Castillo v. One Time Constr. Texas LLC*, 2023 WL 5826976, at *4 (N.D. Tex. Sept. 8, 2023) (Ramirez, J.) (footnote omitted) (quoting *Alex v. KHG of San Antonio, LLC*, 125 F. Supp.3d 619, 629-30 (W.D. Tex. 2015)). "[C]osts for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment litigation expenses are also recoverable under the FLSA as part of an attorney's fee award." *Id.* (quoting *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 392 (S.D. Tex. 2016)).

Jolie seeks an award of $7,011.49 in nontaxable costs, which is comprised of one-third of the filing fee ($134.00), one-third of the costs of service of process ($307.71); one-third of the costs of the first mediation ($783.33);[7] Mr. Thomson's

---

[7] Jolie states that this "substantial reduction is intended to account for the fact that when these initial litigation expenses were incurred, Plaintiff's counsel represented three plaintiffs." Pl.'s Mot. 25 at note 17.

travel costs to the second, in-person mediation ($1,233.25); transcript and court reporter fees related to depositions ($1,528.30); the costs of the second mediation ($3,000.00); and postage ($24.90).[8] Pl.'s Mot. 24-25 (citing Thomson Decl. ¶ 29).

Defendants object to the trip expenses of $1,233.25 set forth in paragraph 29 of the Thomson Declaration, contending there is "no evidence breaking down what comprises" the "trip expenses," or any invoices in support. Defs.' Resp. Br. 15. In his Supplemental Declaration, however, Mr. Thomson states that his "itemized travel expenses to mediation in March 2024 included $189.90 for lodging, $756.20 for flights between Boston and DFW, and various miscellaneous expenses, including taxi and Lyft transportation to and from airports and mediation." Thomson Supp. Decl. ¶ 10, ECF No. 96-1 at 3. In light of Mr. Thomson's Supplemental Declaration, the Court **OVERRULES** this objection.

Defendants object that "[t]he second mediation fee would not have occurred had the parties attended the continued mediation as agreed. Accordingly, the request to recover costs related to Stickney Mediations, PLLC, should not be permitted, as it was not necessary but for the failure to honor the mediation agreement." Defs.' Resp. Br. 16 (cleaned up). The Court agrees with Jolie, however, that rescheduling the second mediation is not a sufficient basis for denying Jolie her costs. Thus, the Court **OVERRULES** this objection.

---

[8] Evidence shows that the costs related to depositions and the second mediation were all incurred after the other two Plaintiffs, Nguyen and Cooper, had already resolved their claims. Thus, those costs were exclusively incurred in representing Jolie.

Defendants also object to travel expenses related to the second mediation, contending that 1) counsel from outside the forum should not be compensated for travel time because Jolie had local counsel, and 2) "in-person mediation was required because of the failure of Plaintiff's counsel to communicate settlement offers and of the existence of a scheduled mediation with Plaintiff in the first instance." Defs.' Resp. Br. 15. Both objections are **OVERRULED**. First, Defendants rely on cases from outside the Fifth Circuit to support their contention that travel costs for counsel outside the forum should not be awarded. The Court is not bound by decisions from other circuit courts. Second, Jolie has provided evidence in the form of Mr. Thomson's Supplemental Declaration that, although she may have expressed some confusion at her deposition in January 2024, all of the relevant information regarding mediation and settlement discussions was conveyed to her by her counsel via telephone conference on October 17, 2023. *See* Thomson Supp. Decl. ¶ 3 and Ex. A thereto, ECF No. 96-1 at 1-2, 5. In addition, Mr. Thomson states in his Supplemental Declaration that, contrary to Defendants' assertion in their response brief that they made a settlement offer of $17,000.00 in October 2023, "Plaintiff's counsel never received such an offer, and none has been submitted by Defendants. No such offer was ever made." *Id.* ¶ 9, ECF No. 96-1 at 2.

Finally, Defendants assert that as to "costs and expenses through and including November 30, 2023, Plaintiff should only be able to recover a third of such amounts, as there were multiple Plaintiffs in the outset[]" and "[t]wo of the

Plaintiffs settled and were responsible for their own costs and attorney's fees per the express language of the stipulation of dismissal." Defs.' Resp. Br. 16 (citing ECF No's 48 and 49). This objection is **OVERRULED**. In her fee application, Jolie has already accounted for the multiple plaintiffs at the outset of the case by only seeking to recover one third of the initial costs and expenses. *See* Pl.'s Mot. 25 at note 17. And, the Court has previously made downward adjustments in the fees requested to reflect that counsel initially represented three Plaintiffs and sought to represent a fourth. *See supra* Sec. II.

Accordingly, nontaxable expenses in the amount of $7,011.49 should be awarded.

## Recommendation

For the reasons explained above, the Court recommends that the District Judge **GRANT** Plaintiff's Motion for Award of Attorney's Fees, ECF No. 88, with certain modifications, and award Jolie $82,634.50 for the reasonable attorney's fees she incurred and $7,011.49 in nontaxable expenses.

**SO RECOMMENDED.**

November 5, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and

recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).